# WILKES & McHUGH, P.A.
## ATTORNEYS AT LAW

THREE PARKWAY
1601 CHERRY STREET
SUITE 1300
PHILADELPHIA, PA 19102

PHONE: (215) 972-0811
FAX: (215) 972-0580
TOLL FREE: (800) 255-5070

February 1, 2016

**Via Hand Delivery**

Honorable Gerald Austin McHugh
United States District Court - Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street - Room 9613
Philadelphia, PA 19106-1742

    RE:    **Golden Gate National Senior Care, LLC, *et al.* v.**
              **James Minich, Administrator of the Estate of Mary E. Shaffer,**
              **E.D. Pa. No.: 5:14-MC-00219**

Dear Judge McHugh:

    Per Your Honor's instructions, this letter sets forth the proposed issues to be briefed regarding Petitioners' pending Motion to Compel Arbitration (hereinafter "Petition") in the above captioned matter.

    First, the Petition should be dismissed outright based on issue preclusion and/or res judicata grounds. As Your Honor is aware, Petitioners have asked both state and federal courts to compel Respondent's underlying claims to arbitration pursuant to the same arbitration agreement. On February 4, 2015, the Lancaster County Court of Common Pleas ruled that Respondent's claims are not subject to arbitration under Pennsylvania law. In doing so, that state court issued a "final judgment on the merits" for purposes of applying res judicata and/or collateral estoppel to the instant action. See GGNSC Erie Western Reserve, LP, *et al.* v. Stubits, Civil Action No. 15-61 (W.D. Pa. Nov. 9 2015) (finding the Golden Living petitioners' arbitration action "barred by the doctrine of comity" under the same circumstances found here); GGNSC Uniontown, LP, *et al.* v. Bauer, 2015 WL 9304508 at *2-4 (W.D. Pa. Dec. 22, 2015) ("Having found all of the factors for issue preclusion satisfied, the interests of full faith and credit and comity towards the Pennsylvania courts, require the dismissal of this action.").[1] The Stubits and Bauer decisions are directly on point; and Respondent respectfully submits that the same result is required here.

---

[1] The Memorandum Orders in Stubits and Bauer are attached together as **Exhibit "A."** Both decisions have been appealed.

Assuming *arguendo* further briefing is needed, Respondent is entitled to conduct limited discovery to support his contract defenses in opposition to compulsory arbitration. Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 774 (3d Cir. 2013) ("discovery is necessary concerning the validity of the ADR Agreement and whether there was a meeting of the minds[.]"). Any post-discovery briefing on the contested arbitration agreement will be reviewed under the summary judgment standard found in Fed.R.Civ.P. 56(c). Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., 636 F.2d 51, 54 (3d Cir. 1980) (district courts must consider all evidence proffered by the party opposing arbitration and give that party "the benefit of all reasonable doubts and inferences that may arise"); Standard Bent Glass Corp. v. Glassrobots Oy, 333 F.3d 440, 446 (3d Cir. 2003) (issues of material fact as to the validity of an agreement "will preclude an order to arbitrate").

Finally, assuming further that Petitioners' arbitration agreement is found to be valid, the agreement would only cover Respondent's underlying survival claims – not his claim for wrongful death. See Pisano v. Extendicare Homes, Inc., 77 A.3d 651 (Pa. Super. 2013).[2] Because Pennsylvania law precludes severing Respondent's survival and wrongful death claims into separate forums, the arbitration agreement cannot be enforced. See Taylor v. Extendicare Health Facilities, Inc., 113 A.3d 317 appeal granted, 122 A.3d 1036 (Pa. 2015).

Having proposed these issues for briefing, Respondent looks forward to further direction from Your Honor. Thank you for your attention to this matter.

Respectfully,

Daniel R. McGrath

DRM/sp

cc: Eric E. Reed, Esquire

---

[2] appeal denied, 86 A.3d 233 (Pa. 2014), cert. denied, Extendicare Homes, Inc. v. Pisano, __ U.S. __, 134 S.Ct. 2890 (U.S. June 30, 2014).